**Electronically Filed**
**Intermediate Court of Appeals**
**29951**
**17-MAY-2012**
**10:46 AM**

NO. 29951

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JASON KELLY ANDREWS, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P.P. NO. 08-1-004K; CR. NO. 03-1-279K)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Petitioner-Appellant Jason K. Andrews (**Andrews**) appeals *pro se* from the June 16, 2009 Order Denying in Part Defendant's Petition to Vacate, Set Aside or Correct Judgment or to Release Petitioner from Custody and the July 17, 2009 Findings of Fact and Conclusions of Law Granting in Part and Denying in Part Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**Rule 40 Orders**) issued by the Circuit Court of the Third Circuit (**Circuit Court**).[1]

Andrews pled no contest and was convicted of:  (1) Count I - Negligent Injury in the First Degree in violation of Hawaii Revised Statutes (**HRS**) § 707-705(1) (1993); (2) Count III - No No-Fault Insurance in violation of HRS § 431:10C-104(a) (Supp. 2002); (3) Count IV - Driving While License Suspended in violation of HRS § 286-132 (Supp. 2002); (4) Count VI - Operating

---

[1]    The Honorable Elizabeth A. Strance presided.

a Vehicle Under the Influence of an Intoxicant (**OUI**) in violation of HRS § 291E-61(a)(2) (Supp. 2002); and (5) Count VII – Accidents Involving Death or Serious Bodily Injury in violation of HRS § 291C-12(a) (1993) with Judge Ronald Ibarra presiding. The plea was entered based upon a plea agreement which included the following language: "in return for my no contest plea to the charges on page 1, the State agrees to dismiss Duty upon Striking Unattended Vehicle or Other Property, 291C-15 and Registration Violation, 286-52(b)" and "[t]he State will recommend five years probation and retain the option to recommend up to one year in jail as a condition of probation. The State may argue against a deferred imposition of sentence and State reserves the right to recommend any reasonable condition of probation."

No direct appeal was taken. However, Andrews filed and the Circuit Court (with Judge Elizabeth Strance presiding) ruled upon two motions to reduce the sentence under Rule 35 of the Hawai'i Rules of Penal Procedure (**HRPP**). Andrews also filed a petition under HRPP Rule 40 (**First Rule 40 Petition**) and an appeal from the First Rule 40 Petition in S. Ct. 27668. Thereafter, Andrews filed another HRPP Rule 40 Petition (**Second Rule 40 Petition**), which is the subject of the instant appeal.

Andrews asserts in his points of error that: (1) his [deferred acceptance of no contest] DANC Plea was not constitutionally valid because he did not proffer his plea knowingly and voluntarily when Judge Ibarra failed to inform him that he was not eligible for the deferral under HRS § 853-4(2)(A) and (5)(A), and due to ineffective assistance of trial counsel for not informing him that he was not eligible for the deferral; (2) the Circuit Court erred when it failed to rule on his HRPP Rule 32(d) motion to withdraw his plea or for specific performance; (3) the Circuit Court "disregarded the fact that the maximum terms of imprisonment that Judge Ibarra informed Andrews he was eligible to receive was incorrect and therefore making the

2

plea agreement void; (4) the Hawai'i Paroling Authority's (**HPA's**) "guideline violation" in the "amended minimum term order" (**Third HPA Minimum Term Order**) deprived him of due process and equal protection; (5) the Circuit Court failed to provide the "proper remedy" and erred "in its remedy for correction of the violation of the terms of the plea agreement by the prosecution, as the HPA could no longer give a level I or II classification for Andrews's minimum term of imprisonment due to the fact that Andrews had already served the maximum amount of time in both of these categories"; and (6) the Circuit Court erred when it concluded that HRS § 707-705(1) was not a lesser included offense of HRS § 291C-12(a).

Upon careful review of the record and the briefs submitted by the parties,[2] and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Andrews's points of error as follows:

(1) The Circuit Court did not err in denying Andrews's claim for relief based on the validity of his DANC plea. Under HRS § 853-4, a DANC plea is precluded on offenses that are non-probationable or involve an enhanced repeat-offender sentencing structure, on the basis that such a deferral would frustrate the purpose of such sentencing schemes. See State v. Hamili, 87 Hawai'i 102, 104-07, 952 P.2d 390, 392-95 (1998); see also State v. Tom, 69 Haw. 602, 604, 752 P.2d 597, 598 (1988). Thus, a DANC plea was not permitted for the following offenses: Count III – No Insurance, in violation of HRS § 431:10C-104(a);[3] Count IV –

_____

[2] The parties are cautioned that facts referenced in the briefs must be supported by record citations pursuant to Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b) and (c). Indeed, generally, facts outside the record are precluded. The parties are also cautioned that record citations should accurately direct the court to where in the record fact assertions are supported. Future failure to comply with the rules may result in sanctions.

[3] See HRS § 431:10C-117(a)(5) (Supp. 2005), which reflects escalating penalties for "multiple convictions for driving without a valid motor vehicle insurance policy[.]"

Driving While License Suspended, in violation of HRS § 286-132;[4] and Count VI - Operating a Vehicle Under the Influence of an Intoxicant, in violation of HRS § 291E-61(a)(2).[5] However, the record reasonably reflects that Andrews did not enter into the plea with concerns about any of those non-felony charges. In Andrews's testimony at the hearing on the Second Rule 40 Petition he stated (emphasis added):

> If he would have told me I was not eligible for it, I would have greatly reconsidered my changing the plea. It definitely would have affected my decision-making. Because I work in real estate, or I did work in real estate at the time, and was pursuing a license, and that was a motivating factor for me to accept the plea. Because with a felony record on my back, that would not be . . .
>
> And I also believe -- I'm not sure if I'm correctly interpreting it -- but I don't think I'm eligible for it because of the serious injury charge as well, and the fact that I already had a deferred acceptance of no contest plea. But definitely under law, all the research that I've read is that under DUI, it's not available. That's a matter of law.

In State v. Kimsel, 109 Hawaiʻi 50, 58-59, 122 P.3d 1148, 1156-57 (App. 2005), which is relied on by Andrews, this court stated, in relevant part:

> In the light of Kimsel's stipulated and unchallenged testimony - 'that had he . . . been informed at the time that he changed his plea that he was statutorily ineligible for deferral, he would not have changed his plea but rather he would have proceeded to trial' - the prejudice is plain, and we conclude the circuit court abused its discretion in denying the Rule 40 motion.

Although Andrews similarly asserts "that had he known that he was not eligible for a DANC Plea he would have insisted on going to trial", the Circuit Court could have reasonably inferred from Andrews's testimony that Andrews was concerned only with the felony charges that would have resulted in a felony record, and that a record with non-felony offenses as a

---

[4] See HRS § 286-136(b) (Supp. 2005), which provides for an enhanced sentence on violation of HRS § 286-132 upon "two or more prior convictions for the same offense in the preceding five-year period."

[5] See HRS § 291E-61(b) (Supp. 2005), which precludes probation and provides for escalating penalties for multiple offenses.

consequence of denial of the DANC plea and conviction on the OUI, No Insurance, and Driving While Suspended[6] was not material to his decision to enter his plea, and thus, any failure of the Circuit Court to advise him of such ineligibility was harmless.

As to the felony charges of Negligent Injury and Accidents Involving Death or Serious Bodily Injury, the offenses are probationable,[7] so HRS § 853-4(5) does not preclude a deferral. HRS § 853-4(2) precludes a deferral where the offense charged is a felony that involves the intentional, knowing, or reckless bodily injury, substantial bodily injury, or serious bodily injury of another person." The Negligent Injury offense involves negligent serious bodily injury of another under HRS § 707-705 (1993), rather than "intentional, knowing, or reckless . . . serious bodily injury" under HRS § 853-4. Similarly, HRS § 291C-12 (Supp. 2002, unchanged through 2007; amended 2008) (Accidents Involving Death or Serious Bodily Injury) references "[t]he driver of any vehicle involved in an accident resulting in serious bodily injury", which relates in this case to the negligent serious bodily injury alleged in the Negligent Injury charge. Hence, a DANC plea is not prohibited in either of those felony offenses. Consequently, the Circuit Court did not err in denying this claim for relief.

(2) Andrews contends that the Circuit Court erred when it failed to rule on his motion to withdraw his plea under HRPP Rule 32(d) and for specific performance of the plea agreement. Andrews does not present a specific argument on this point, and only makes a bare assertion in the title of his argument that

---

[6] No Insurance, Driving While Suspended, and OUI in this case are not felony offenses. See HRS §§ 701-107 (1993), 431:10C-104(c), 431:10C-117(a), 286-132, 286-136, and 291E-61(b).

[7] HRS § 706-622 (1993) requires probation as the sentence on a felony where imprisonment is not ordered; HRS § 707-705(2) classifies Negligent Injury in the First Degree as a class C felony; and HRS § 291C-12(b), classifies Accidents Involving Death or Serious Bodily Injury as a class B felony.

"Andrews was substantially prejudiced by the denying of his Rule 32(d) motion and Judge Strance [sic] Failure to Answer his Motion for Specific Performance", and is deemed waived, as provided under HRAP Rule 28(b)(7).  This point is also waived because the July 30, 2009 motion referenced by Andrews was filed after the July 17, 2009 Circuit Court order ruling on the Second Rule 40 Petition, thus was not presented or argued to the Circuit Court as part of the Second Rule 40 Petition, and cannot be raised on appeal in the first instance.  State v. Naeole, 62 Haw. 563, 570, 617 P.2d 820, 826 (1980).

(3)  In his third point of error, Andrews asserts that no potential for consecutive sentencing existed, and yet the plea form reflected maximum terms including consecutive and extended terms.  Andrews did not properly raise this issue as part of his Second Rule 40 Petition.  Although Andrews claimed in his Second Rule 40 Petition that the plea agreement was invalid, the basis for the claim was that the Circuit Court and counsel failed to advise him that he was ineligible for a DANC plea and was not for error in articulating the maximum terms of imprisonment.  This issue was not raised below and will not be considered for the first time on appeal.  Naeole, 62 Haw. at 570, 617 P.2d at 826.

(4)  Andrews contends that the HPA violated its guidelines in the Third HPA Minimum Term Order and, therefore, deprived him of due process and equal protection.  This argument was not raised in the Second Rule 40 Petition.  Thus, the Circuit Court did not address it.  Consequently, this issue is waived.

(5)  Andrews asserts that the Circuit Court did not provide the proper remedy, and erred in its chosen remedy to cure the breach of the plea agreement, because the HPA could no longer give him a level I or II minimum term of imprisonment due to the fact that Andrews had already served the "maximum" amount of time in both of these minimum term categories.

Andrews fails to indicate where in the record he brought this issue to the attention of the Circuit Court. Andrews could have raised his contention, for example, at the time of the Circuit Court's oral ruling. Andrews does not raise ineffectiveness of his counsel on the Second Rule 40 Petition in failing to raise this issue. Thus, Andrews has waived this point.

(6) Andrews claims his conviction subjects him to double jeopardy because "[i]t was impossible to commit the greater offense without first commiting [sic] the lesser as it was also a continuing course of action."

It appears that his claim is waived for failure to raise it prior and failure to overcome the presumption of a knowing and voluntary waiver. Even if not waived, however, the Circuit Court did not err in denying this claim for relief.

The offense of Accidents Involving Death or Serious Bodily Injury (a) includes facts that are not required in Negligent Injury, (b) is not an attempted Negligent Injury, and (c) differs in significantly more respects than the degree of injury or level of culpability. As such, a violation of HRS § 701-109(1)(a) and (4), Accidents Involving Death or Serious Bodily Injury is not an included offense of Negligent Injury in the First Degree.

Additionally, Andrews's actions in the commission of the two offenses do not qualify as a continuing course of conduct under HRS § 701-109(1)(e) where the offense of Negligent Injury in the First Degree was completed when Andrews caused serious bodily injury while driving his motor vehicle negligently. Any continued driving of his motor vehicle which then resulted in his failure to remain at the scene of the accident, and the offense of Accidents Involving Death or Serious Bodily Injury, was not necessary for the Negligent Injury charge. State v. Hoopii 68 Haw. 246, 251, 710 P.2d 1193, 1197 (1985). Accordingly,

7

conviction of both offenses does not violate double jeopardy and a plea that included both offenses was not invalid.

For these reasons, the Circuit Court's Rule 40 Orders are affirmed.

DATED: Honolulu, Hawai'i, May 17, 2012.

On the briefs:

Jason K. Andrews
Petitioner-Appellant Pro Se

Lisa M. Itomura
Diane K. Taira
Deputy Attorneys General

and

Joyce A. Seelen
Deputy Prosecuting Attorney
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge